No. 1,938.

SWEET *v.* SWEET.

PARTNERSHIP.—*Written Articles of Dissolution.—Construction.—Contract.*—A statement in written article of dissolution of a partnership, that it is found that one specified partner is indebted to his co-partner in excess of the amount the latter is indebted to the former on account of the profits and funds withdrawn from the partnership in a specified amount, will be held to mean that the former partner is indebted to the latter for the full amount instead of half that sum, where they have themselves placed that construction upon it.

From the Cass Circuit Court.

*Magee & Funk*, for appellant.

*Nelson & Myers* and *G. Walters*, for appellee.

LOTZ, J.—The appellant and appellee were partners engaged in dealing in grain and general merchandise and each had a one-half interest in the business and partnership property. On the 8th day of May, 1893,

the partnership was dissolved and a settlement had between the partners. A written article of dissolution was executed in which it was stated that the appellant was found to be indebted to the appellee in the sum of $3,000, which amount was paid by the appellant to the appellee by the conveyance of certain property. The appellant in his complaint alleged that in making such settlement and article of dissolution there was a mutual mistake made; and that instead of appellant being indebted to appellee in the sum of $3,000.00 he was indebted to the firm in that sum and indebted to the appellee in the sum of $1,500.00. The object of the action was to recover the $1,500.00 alleged to have been overpaid. The issue joined was tried by the court and a general finding made for the appellee.

The only error assigned is the overruling of the motion for a new trial.

The appellant insists that the finding is not supported by the evidence and is contrary to the law.

The only evidence given upon the issue was the written article of dissolution and of a demand of payment made by the appellant. In the article of dissolution is this clause:

"An adjustment of the liabilities of each partner to the partnership has been made, and it is found that William E. Sweet is indebted to his co-partner in excess of the amount that said Theodore P. Sweet is indebted to him on account of the profits and funds withdrawn from the partnership in the sum of $3,000.00. It is hereby acknowledged by the said T. P. Sweet that he has been fully paid said sum of $3,000.00 as follows: $1,000.00 by transfer of an interest in a certain stock of goods, and $2,000.00 by the conveyance of certain real estate."

The appellant's insistence is, that the only fair and

reasonable construction of the clause above quoted is that he was indebted to the partnership in the sum of $3,000.00, and that as one-half of this amount belonged to him as a member of the partnership, he was only indebted to the other partner in the sum of $1,500.00. But this is not the only construction that the language used will bear.

It is stated that the appellee is also indebted. If both parties were indebted to the partnership then each would be the owner of one-half of the amount which he owed to the partnership, and it is not probable that appellant would only be indebted to his co-partner in the sum of $1,500.00, for one-half of the amount of what the other partner owed the firm should be deducted from this amount in order to adjust the account between the partners. It is also possible to construe this clause so that the $3,000.00 represents the indebtedness due one partner from the other after the partnership affairs had been adjusted and the partners have reached a settlement between themselves. If after the dissolution of the partnership it should have been found that the appellant had drawn out $8,000.00, and the appellee $2,000.00, this would make a total of $10,000.00, of which each partner would be entitled to $5,000.00. The appellant would then have $3,000.00 more than he was entitled to, and the appellee $3,000.00 less than he was entitled to; or, in other words, the appellant would be indebted to the appellee in the sum $3,000.00.

At the least the parties seem to have put this kind of a construction upon the contract for themselves and the appellant paid the difference upon such a construction and basis. Where there is an ambiguity or uncertainty in a contract, and the parties have voluntarily executed or construed it for themselves, the courts generally adopt the construction put upon it by the parties to it.

If there was actually a mistake in the adjustment of the accounts, that fact might have been shown. But no claim of that kind is made. The only contention being that there was a mistake in the construction of the article of dissolution.

In the absence of any evidence of an actual mistake, this court must affirm the judgment rendered.

Judgment affirmed.

Filed March 24, 1896.